**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10480 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-01190-CKJ |
| v. | |
| LOREN ANTHONY GASTELUM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Loren Anthony Gastelum appeals from the district court's judgment and

challenges the ten-year term of supervised release imposed following his guilty-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

plea conviction for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gastelum first contends that the district court erred by failing to reassign the case to a different judge after the government breached the parties' plea agreement. Because Gastelum "both invited the error, and relinquished a known right" by withdrawing his objection to the alleged breach, agreeing to an oral modification of the plea agreement, and asking the district court to proceed with sentencing, any "error is waived and therefore unreviewable" on appeal. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

Gastelum next contends that the district court procedurally erred by failing to respond to his arguments for lenience and to explain the term of supervised release adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court listened to Gastelum's mitigating arguments and sufficiently explained the sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Gastelum finally contends that the term of supervised release is substantively unreasonable in light of his mitigating arguments. Considering the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Gastelum's mental illness and history of substance abuse, the district court did not

abuse its discretion in imposing the ten-year term.  *See Gall v. United States*, 552

U.S. 38, 51 (2007).

**AFFIRMED.**